**C.L. TAYLOR, Plaintiff-Appellant, Cross-Appellee,**

**v.**

**TEXGAS CORPORATION, Defendant-Appellee, Cross-Appellant.**

**No. 86-3670.**

United States Court of Appeals, Eleventh Circuit.

Nov. 3, 1987.

Ben R. Patterson, Jerry G. Traynham, Patterson & Traynham, Tallahassee, Fla., for plaintiff-appellant, cross-appellee.

Julius F. Parker, Jr., Tallahassee, Fla., for defendant-appellee, cross-appellant.

Before TJOFLAT and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

C.L. Taylor appeals from the district court's grant of appellee Texgas Corporation's Fed.R.Civ.P. 60(b) motion requesting that the court, on the basis of false testimony and newly discovered evidence, modify its earlier judgment. Because appellee has failed to prove fraud with clear and convincing evidence, and because it has not shown that it could not have produced the "newly discovered evidence" prior to the entry of judgment, we vacate the district court's modification of the earlier judgment.[1]

FACTS

C.L. Taylor was awarded back pay, unpaid overtime, and damages from Texgas Corporation ("Texgas") following a jury verdict that Texgas had dismissed him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* On appeal, this court determined, citing *Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435 (11th Cir.), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985), that Taylor also should have been awarded prospective relief in the form of reinstatement or front pay in order "to make [him] whole." *Taylor v. Texgas Corp.,* No. 85–3305, slip op. at 3 (11th Cir. April 17, 1986), [790 F.2d 87 (Table)]. This court added, however, that on remand, the district court could consider the disability payments that Taylor had received from Texgas in determining the relief to which Taylor was entitled.

The district court held a hearing on the matter on June 10, 1987, at which Taylor was allowed to testify as to the amount of disability payments he had received. Because the hearing had been noticed as "oral argument," Texgas initially objected to the introduction of evidence, but subsequently withdrew the objection. It declined, however, to cross examine Mr. Taylor. Following Taylor's testimony, the court scheduled another hearing on the relief issue and

1. Although appellee filed a timely cross appeal, we grant appellant's motion that the cross appeal be considered abandoned, as appellee failed to raise the cross appeal in its brief or argument before this court.

provided the parties the opportunity to submit briefs. Appellant submitted a brief, but appellee failed to do so; nor did appellee present any evidence at the subsequent hearing.

The district court, on July 1, ordered Texgas to reinstate Taylor and pay him the full salary he would have earned from the date of judgment to the date of reinstatement, less the $4,042.40 in disability payments that he had received from Texgas following his discharge. Fifteen days later, appellee filed a motion for relief under Rule 60 of the Federal Rules of Civil Procedure. Texgas contended that the district court's order granting reinstatement and damages should be amended on the ground of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing,[2] and on the ground of fraud, alleging that Taylor gave untruthful testimony at the June 10 hearing. Specifically, Texgas alleged that Taylor failed to reveal at the June 10 hearing that he had received pension benefits from Texgas after his disability payments had been discontinued.

The district court, after a hearing, found that in addition to the disability benefits, Taylor had received $3,509.82 in pension payments from Texgas's pension plan, and that he had earned $3,507.24 from other unrelated jobs during the period after his discharge from Texgas. Accordingly, the court modified its prior judgment by deducting the total of those payments, $7,017.06, from the back wages that Texgas owed to Taylor. The court, however, never found that Taylor had committed fraud, although it determined that he had been "less than candid;" nor did it find that Texgas could not have discovered this evidence earlier through the exercise of due diligence.

## DISCUSSION

### A. *Jurisdiction*

At the time the court entered its July 1 order granting Taylor reinstatement, it retained jurisdiction over the case to award Taylor attorney's fees and costs. The court's subsequent order of August 29, modifying the July 1 order, did not dispose of the attorney's fee issue. Taylor filed a timely notice of appeal from the August 29 order. This court *sua sponte* raised the question of whether the August 29 order was a final and appealable order as required for our jurisdiction under 28 U.S.C. § 1291,[3] as the district court had not resolved the attorney's fee issue and had not certified the case pursuant to Fed.R.Civ.P. 54(b).[4]

This circuit follows the rule that "[t]he finality of an order, which determines all the issues except for the award of attorneys' fees 'depends on the circumstances of each case.'" *C.I.T. Corp. v. Nelson,* 743 F.2d 774, 775 (11th Cir.1984) (footnote omitted) (quoting *McQurter v. City of Atlanta,* 724 F.2d 881, 882 (11th Cir.1984)). The court in *McQurter* reasoned:

> When attorney's fees are similar to costs ... or collateral to an action ... a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an inte-

2. Fed.R.Civ.P. 59(b) requires a motion for new trial to be served not later than ten days after entry of the judgment. Rule 59(e) places the same ten day time limitation on a motion to alter or amend the judgment.

3. 28 U.S.C. § 1291 provides:

> The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court.

4. Rule 54(b) provides:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties.... In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

gral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment.

724 F.2d at 882 (quoting *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983)).

An award of attorney's fees under the ADEA is controlled by 29 U.S.C. §§ 216(b), 626(b). *See Hedrick v. Hercules, Inc.*, 658 F.2d 1088, 1096–97 (5th Cir. Unit B 1981).[5] Taylor contends that the district court's August 29 order was final because an award of attorney's fees under the ADEA is collateral to the merits. We agree. The statute provides that "[t]he court in [an ADEA] action shall, *in addition to any judgment awarded to the plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid by the defendant and costs of the action." 29 U.S.C. § 216(b) (emphasis added). Thus, the language of the ADEA itself indicates that an award of attorney's fees is extraneous to, rather than central to, the merits.

The Supreme Court's reasoning in *White v. New Hampshire*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) supports our interpretation. In *White* the Court held that a motion for attorney's fees under 42 U.S.C. § 1988 was not properly categorized as a Rule 59(e)[6] motion to alter or amend the judgment because it raised issues collateral to rather than essential to the merits of the case. As in *White*, the motion for fees here requires no reconsideration of the issues on the merits, as the motion "in no way urged the court to reconsider its holdings of law and fact to determine whether its prior judgment was correct." *Gordon v. Heimann*, 715 F.2d 531, 537 (11th Cir.1983) (requests for attorneys' fees were collateral to the underlying RICO action). Nor can attorney's fees "fairly be characterized as an element of 'relief' indistinguishable from other elements." *White*, 455 U.S. at 451, 102 S.Ct. at 1166. Moreover, because the plaintiff is entitled to attorney's fees only *in addition* to a judgment on the merits, the court cannot make an award of such fees until the litigation on the merits is finalized. Thus, we conclude that the district court's August 29th order, although it failed to determine the amount of fees to be awarded, was final and appealable.

### B. *Whether relief should have been granted under Rule 60(b)*

"[T]he decision whether to grant a motion to amend a judgment rests within the discretion of the trial judge and will not be overturned absent an abuse of discretion." *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 611 (11th Cir.1987). Here, Taylor argues that the district court either employed an improper legal standard or abused its discretion in granting relief under Fed.R.Civ.P. 60(b), as the evidence supports neither a finding that Taylor gave untruthful testimony nor that Taylor's receipt of pension benefits constituted "newly discovered evidence."

Rule 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party....

It is unclear from the district judge's order which provision of Rule 60(b) he relied upon in amending the judgment. Although he found that Taylor had been "less than candid," he made no specific finding under either Rule 60(b)(2) or 60(b)(3). Moreover, after reviewing the record, we conclude

5. The Eleventh Circuit, in *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982), adopted as precedent decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981.

6. Fed.R.Civ.P. 59(e), *supra* note 2.

that Texgas did not establish that it was entitled to have the judgment amended under either of those prongs of Rule 60(b).

First, there exists no basis for granting relief to Texgas under Rule 60(b)(2). To prove a basis for relief under this rule, a party must demonstrate that (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended. *See Scutieri v. Paige,* 808 F.2d 785, 793 (11th Cir.1987); *Ag Pro, Inc. v. Sakraida,* 512 F.2d 141, 143 (5th Cir.1975), *rev'd on other grounds,* 425 U.S. 273, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976);[7] 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2859 (1973).

Rather than indicating that Taylor's receipt of pension payments from appellee is "new evidence," the record contains uncontroverted evidence that shows that Texgas knew that it was paying Taylor pension benefits months before the June hearings regarding Taylor's receipt of disability payments. Texgas approved Taylor's pension request on January 3, 1986, and mailed a check to Taylor on March 14, 1986. "Unexcused failure to produce the relevant evidence at the original trial can be sufficient, without more, to warrant denial of a rule 60(b) motion." *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.,* 549 F.2d 368, 391 (5th Cir.1977). Moreover, evidence cannot be "newly discovered" under Rule 60 if it is in the possession of the moving party or that party's attorney prior to the entry of judgment. *See United States v. Potamkin Cadillac Corp.,* 697 F.2d 491, 493 (2d Cir.) (evidence is not newly discovered where defendant's attorney admitted that he knew of the evidence prior to the granting of summary judgment and could give no plausible explanation as to why the evidence was not produced earlier), *cert. denied,* 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983).[8] The mere fact that Texgas is a large company does not excuse it from informing its employees of the identity of its legal opponents and from requiring its employees to report any dealings with those opponents to the company's counsel.

Nor has Texgas alleged a sufficient claim under Rule 60(b)(3). "One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.,* 573 F.2d 1332 (5th Cir.1978). Moreover, the movant must show that the conduct complained of "prevented the moving party from fully and fairly presenting his case." *Harre v. A.H. Robins Co.,* 750 F.2d 1501, 1503 (11th Cir.1985) (quoting *Stridiron v. Stridiron,* 698 F.2d 204, 207 (3d Cir.1983)). Here, Texgas alleges that Taylor was less than truthful at the June 10 hearing when he failed to tell the court that he had received pension benefits from Texgas. However, the hearing was called specifically to deal with disability benefits, and the only questions asked of Taylor dealt solely with disability benefits. Taylor's attorney asked him, "Since March 5, 1985, you have not received any other *disability benefits,* have you?" and Taylor responded, "No, sir." Following this direct examination of Taylor, counsel for Texgas declined to cross examine Taylor. Nor did Texgas afford itself of the opportunity it was given

7. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

8. *See also Pioneer Insurance Co. v. Gelt,* 558 F.2d 1303, 1312 (8th Cir.1977) (denial of appellant's Rule 60(b) motion appropriate where, among other things, appellant and his original attorney were either aware of the existence and contents of the evidence before trial or would have been had reasonable diligence been used); *Plisco v. Union Railroad Co.,* 379 F.2d 15 (3d Cir.) (proffered testimony not "new" under Rule 60 where movant was aware prior to trial that witness had seen the accident), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967).

to file a brief and to present further evidence prior to the court's final decision. Given that Taylor rightfully could have assumed that counsel for Texgas was aware that Texgas was sending Taylor pension payments, Taylor's conduct does not rise to the level of fraud. Additionally, given the fact that Texgas itself knew that it had been making pension payments to Taylor, even if its counsel were not aware of that fact, Texgas cannot show that Taylor's failure to mention the pension payments prevented Texgas "from fully and fairly presenting its case." *Harre,* 750 F.2d at 1503.

We conclude that the district court abused its discretion. Accordingly, the district court's order of August 29, 1986, modifying its July 1 order awarding reinstatement and damages, is VACATED and the July 1 order is reinstated in full. Appellant's motion for attorney's fees relating to this appeal is GRANTED; we REMAND this case to the district court for determination of an appropriate fee.