946 F.2d 885
 20 Fed.R.Serv.3d 1236
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlyle FRANCE, Plaintiff-Appellant,
v.
ZAPATA HAYNIE CORPORATION, Defendant-Appellee.
 No. 90-2626.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1990.
Decided Oct. 7, 1991.
As Amended Oct. 24, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-89-339-N)
 Argued: John Webb Drescher, Breit, Drescher & Breit, Norfolk, Va., for appellant.
 Ernest R. Malone, Jr., Kullman, Inman, Bee, Downing & Banta, New Orleans, La., for appellee.
 On Brief: Karen Rye, Breit, Drescher & Breit, Norfolk, Va., for appellant. Robert B. Worley, Jr., Kullman, Inman, Bee, Downing & Banta, New Orleans, La., A. Davis Bugg, Jr., Rumsey, Breeden, Hubbard, Bugg & Terry, Irvington, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, Circuit Judge, BUTZNER, Senior Circuit Judge, and WILSON, United States District Judge for the Western District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Carlyle France appeals the district court's grant of summary judgment in favor of the Zapata-Haynie Corporation on his claim under the Age Discrimination in Employment Act.[1] Upon a review of the record and oral argument, we agree with the district court that France presented insufficient evidence of age discrimination to survive a motion for summary judgment. We also hold that the court did not abuse its discretion when it denied France's motion for reconsideration. Accordingly, the decisions of the district court are affirmed.[2]
 
 
 2
 The Zapata-Haynie Corporation owns and operates a fleet of commercial menhaden fishing vessels on the Atlantic and Gulf coasts of the United States. Carlyle France worked as a captain and crew member aboard these vessels beginning in 1967. France received adequate performance evaluations and apparently served without incident until August of 1987 when he injured his knee aboard the F/V TIDELANDS. France alleged that this accident was due to Zapata-Haynie's negligence in failing to properly maintain the vessel.
 
 
 3
 The 1988 fishing season began in April with France again sailing out of Reedville, Virginia as captain of the F/V TIDELANDS, a position he had apparently enjoyed since 1984. However, on Sunday, July 24, 1988, the fishermen at Zapata-Haynie's Reedville plant went out on strike. In an effort to combat the strike, Zapata-Haynie management sent a memorandum to its captains on July 28, 1988 that identified company spokesmen and ordered the captains to make certain preparations to ship out with crews on July 31, 1988. France reported to work that day but had no crew with him.
 
 
 4
 On July 31, 1988, the management and captains met unsuccessfully to discuss a possible resolution to the strike. At this meeting, France presented Steve Jones, Zapata-Haynie's Reedville plant manager, with a doctor's note that sought to excuse France from working as a crew member aboard a purse boat. The strike continued, with France remaining unable to assemble a fishing crew to man a purse boat. During this period, France shipped out as a pilot aboard the F/V SHEARWATER, and as a crew member aboard the F/V MANCE LASSITER.
 
 
 5
 Still endeavoring to operate despite the strike, on August 11, 1988, Zapata-Haynie management sent another memorandum to its captains directing them to report Sunday night, August 14, 1988 at 8:00 p.m. ready to equip vessels with full crews. France received his memorandum on August 12, 1988 when the F/V MANCE LASSITER returned to port. France called Jones to advise him that he would have a full crew and that they would be ready to fish on August 14th. However, during this conversation, Jones advised France that, earlier that day, he had hired Captain Isaksen from New Jersey to permanently replace France as captain aboard the F/V TIDELANDS because Isaksen was more experienced and had already assembled a crew ready to fish. Captain Isaksen reported to the Reedville dock at one o'clock on the afternoon of the 14th and sailed with a full crew.
 
 
 6
 France shipped out as a crew member aboard the F/V GREAT WICOMICO on August 15, 1988 and allegedly re-injured his knee in a purse boat accident, again, allegedly caused by Zapata-Haynie's negligence. These two injuries, he claims, have rendered him permanently disabled.
 
 
 7
 Subsequent to this injury, between August 15, 1988 and August 22, 1988, France and Jones met and discussed the availability of another position with the company. For some reason these talks were unsuccessful, however, and on August 24, 1988, France's employment with Zapata-Haynie was terminated. At the time of this replacement and later cessation of employment, France was 63 and Captain Isaksen was 55.
 
 
 8
 Then on April 28, 1989, France filed suit in the United States district court for the Eastern District of Virginia, alleging that ZapataHaynie's negligent operation and maintenance of its vessels resulted in his disabling injuries; that Zapata-Haynie breached his employment contract; and, that Zapata-Haynie unlawfully terminated him because of his age.
 
 
 9
 Following a contested period of discovery, in which both sides filed motions to compel and requests for sanctions, the district court granted Zapata-Haynie's motion for summary judgment on December 4, 1989 as to the remaining age discrimination claim. A combined Memorandum Opinion and Order was filed on December 6, 1989. The district court found that France produced no direct evidence of age discrimination other than his own conclusory opinion that he was discharged because of his age. The court also found that France could not sustain his claim as a prima facie case because he was replaced by someone within the ADEA's protected class. France filed a motion for reconsideration on December 19, 1989, and an amended notice of appeal on February 20, 1990.
 
 
 10
 Our review of a grant of summary judgment requires us to engage in essentially the same inquiry as that undertaken by the district court. We must ask whether Zapata-Haynie has shown "that there is no genuine issue of material fact and that [it] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Zapata-Haynie may discharge this burden by showing that there is an absence of evidence to support France's case. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 11
 To establish discrimination under the ADEA, France must prove by a preponderance of the evidence that but for Zapata-Haynie's motive to discriminate against him because of his age, he would not have been discharged. France may demonstrate that age was a determining factor in one of two ways. He may meet his burden under ordinary principles of proof by any direct or indirect evidence relevant to and sufficiently probative of the issue; or, if he is unable to do so, he may instead rely on the judicially fashioned affirmative proof scheme established for such cases. Under the latter method, when the elements of a prima facie case are established, the employee creates a rebuttable presumption that the employer wrongfully discriminated against him, and the burden then shifts to the employer to articulate a legitimate non-discriminatory reason for his discharge. See, e.g., Goldberg v. B. Green and Co., 836 F.2d 845 (4th Cir.1988).
 
 
 12
 Because France had no direct evidence of age discrimination he relied on the alternative prima facie case method of proof indicated above. Under this method, to demonstrate a prima facie case of discrimination, the plaintiff must produce evidence to establish the following four specific requirements:[3]
 
 
 13
 (1) the plaintiff is in the protected age group; (2) the plaintiff was discharged or demoted; (3) at the time of discharge or demotion, the plaintiff was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, the plaintiff was replaced by someone of comparable qualifications outside the protected class.
 
 
 14
 McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 536 (4th Cir.1991) (quoting E.E.O.C. v. Western Electric, 713 F.2d 1011 at 1014 (4th Cir.1983)) (emphasis added); see also Goldberg, 836 F.2d at 849.
 
 
 15
 France was able to satisfy the first two prongs because he was within the protected age group at the time he was discharged. However, even if we assume that France could also establish the third prong, that he was performing his job at a level that met his employer's legitimate expectations, a view that the record does not readily support, France cannot meet the fourth requirement. The fourth prong requires France to demonstrate that he was replaced by someone outside the protected class and it is undisputed that France was replaced by 55 year-old Captain Isaksen, a man well within the protected class. Thus, because France cannot meet the fourth requirement he cannot make out a prima facie case of age discrimination under the alternative proof scheme. See Goldberg, 836 F.2d at 849. Therefore, the trial court's grant of summary judgment against him was proper.[4]
 
 
 16
 France next argues that the district court erred in denying his motion for reconsideration and amendment of the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. France based this motion on his contention that "critical discovery evidence was not before the Court prior to its ruling [because] although the transcripts were prepared on an expedited basis ... the depositions and the documents produced in the course of the depositions were unavailable." Specifically, this alleged new evidence consisted of the depositions of two Zapata-Haynie employees, certain retirement benefits statistics, and affidavits of other Zapata-Haynie employees that assert they were discharged because of their age. This evidence, it is claimed, was produced for the first time at these depositions and was unavailable earlier.
 
 
 17
 These depositions were taken on Wednesday, November 29, 1989. The district court's order granting summary judgment was signed on Monday, December 4, 1989. France's motion for reconsideration was filed on Tuesday, December 19, 1990.
 
 
 18
 Disposition of a Rule 59(e) motion is within the sound discretion of the district court and such rulings will not be overturned absent an abuse of that discretion. Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989). Furthermore, in this circuit, the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under Rule 59 or Rule 60. To obtain relief on this basis under Rule 60, a party must demonstrate:
 
 
 19
 (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.
 
 
 20
 Boryan, 884 F.2d at 771 (quoting Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir.1987) (citations omitted). Thus, in order to support a motion for reconsideration, "the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." Boryan, 884 F.2d at 771 (citations omitted). "Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law." Boryan, 884 F.2d at 771 (citations omitted) (emphasis in original).
 
 
 21
 The district court based its denial of the motion for reconsideration on the fact the France had the evidence which he now claims justifies relief under Rule 59(e) on November 29, 1989, nearly one week prior to the district court's grant of summary judgment on December 4, 1989. The court also found it significant that France made no effort to notify the court of this new evidence, by affidavit or otherwise, until the filing of his motion to reconsider on December 19, 1989. Thus, the district court found, because France's motion was based upon information he could have presented while the motion for summary judgment was still pending, relief under Rule 59(e) was not warranted. We cannot say that this decision constituted an abuse of discretion.
 
 
 22
 Accordingly, the decisions of the district court awarding summary judgment to Zapata-Haynie, and denying France's motion for reconsideration under Rule 59(e) are
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 France's complaint contained three counts. Count II alleged breach of an employment contract but was voluntarily withdrawn at the Final Pre-Trial Conference on November 28, 1989. Count I sought damages for France's alleged personal injuries but was settled and dismissed Agreed and With Prejudice on February 9, 1990
 
 
 [2]
 Zapata-Haynie's summary judgment motion also requested that the District Court impose Rule 11 sanctions on counsel for France. This request was denied and has not been appealed
 
 
 [3]
 In reduction in force cases, this test is not rigidly applied and this court has allowed the plaintiff to establish the fourth element of a prima facie case by showing "that persons outside the protected age class were retained in the same position or that there was some other evidence that the employer did not treat age neutrally in deciding to dismiss the plaintiff." Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir.1988) (citation omitted), cert. denied, 490 U.S. 1107 (1989)
 
 
 [4]
 The District Court went on to assume arguendo that France had established his prima facie case of age discrimination. The court found, however, that Zapata-Haynie would still be entitled to summary judgment because it had rebutted the presumption of age discrimination created by the prima facie case when it showed that France was fired for the legitimate reason of being unable to obtain a fishing crew