**Thomas J. JEFFREYS, Plaintiff–Appellant,**

v.

**TEAMSTERS UNION LOCAL 1150, Defendant–Appellee.**

**No. 03–9254–CV.**

United States Court of Appeals, Second Circuit.

Oct. 7, 2005.

Thomas J. Jeffreys, Waterbury, CT, for Appellant, pro se.

John T. Fussell, Robert M. Cheverie & Associates, East Hartford, CT, for Appellee.

PRESENT: WALKER, Chief Judge, FEINBERG, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Thomas J. Jeffreys, *pro se*, appeals from the district court's order denying his motions for relief from judgment, pursuant to Rule 60(b), and sanctions, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. We assume familiarity with the facts and the procedural history.

We review a district court's denial of a motion for relief from judgment under Rule 60(b) for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998). In his motion before the district court, Jeffreys alleged that Defendant–Appellee Teamsters Local Union No. 1150 ("Union") inhibited discovery by committing fraud on the court. Jeffreys, however, filed his motion over two years after the entry of judgment; thus, his motion was not timely filed. Fed.R.Civ.P. 60(b). In any event, Jeffreys's allegations of fraud are not supported by the record. The district court determined that further discovery was not required because Jeffreys's claims failed as a matter of law. *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 176 (2d Cir.2004)("To prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" (quoting *Taylor v. Texgas Corp.,* 831 F.2d 255, 259 (11th Cir.1987))). Thus, the district court did not abuse its discretion in denying the motion.

We also review for abuse of discretion a district court's denial of a motion for sanctions pursuant to Rule 37(b)(2). *Residential Funding Corp. v. Degeorge Financial Corp.,* 306 F.3d 99, 107 (2d Cir.2002). The district court did not abuse its discretion in denying Jeffreys's motion for sanctions: (1) there is no evidence in the record that the magistrate judge entered an order for discovery that the Union violated; (2) regardless, there is no evidence in the record that the Union engaged in sanctionable actions during discovery; and (3)

Jeffreys's claims failed as a matter of law, rendering further discovery unnecessary. *Id.*

We have reviewed Jeffreys's remaining arguments and find them to be without merit.

For the foregoing reasons, the order of the district court is **AFFIRMED**.