[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2005
THOMAS K. KAHN
CLERK

No. 04-15780
Non-Argument Calendar

_____

D. C. Docket No. 00-07065-CV-CMA

PAUL K. GUNDOTRA,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF
THE INTERNAL REVENUE SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 20, 2005)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Paul K. Gundotra appeals the denial of his motion for rehearing. Gundotra argues that he is entitled to relief from final judgment based on newly discovered evidence. Because Gundotra has not met his burden for relief under Federal Rule of Civil Procedure 60(b), we affirm.

On April 10, 2000, Gundotra, PKG Foundation Corporation, and the Commissioner of the Internal Revenue Service executed a closing agreement that discharged a federal tax lien on certain real property in exchange for Gundotra's payment of $78,469.79 in taxes and penalties. On July 28, 2000, Gundotra filed an action in federal district court that sought the return of his payment on the ground that PKG had no beneficial interest in the real property although it held legal title. The district court ruled in favor of the government and entered final judgment on April 17, 2001. We affirmed and held, "The district court did not err in granting summary judgment on the pleadings, since both the relevant deed and Closing Agreement executed by Gundotra make clear the subject property was owned by PKG." Gundotra v. U.S. Dep't of IRS, No. 01-12761, slip op. at 4 (11th Cir. Jan. 17, 2002).

On August 20, 2003, Gundotra moved the district court for rehearing and alleged that he uncovered evidence that PKG did not own the property on which the IRS had placed the lien while "filling [sic] away [his] legal papers." He argued

2

that this evidence proved that the property was owned by a different entity also named PKG Foundation Corporation but incorporated in the British Virgin Islands. After Gundotra twice amended his motion, the district court ruled on the motion and held that Gundotra failed to satisfy the requirements for relief from a final judgment under Federal Rule of Civil Procedure 60(b). The district court alternatively relied on the law of the case doctrine and held that it was bound by the previous decision of this Court that found PKG was the owner of the property. Gundotra appeals the denial of his motion.

This Court reviews an "order denying relief under Rule 60(b) for abuse of discretion." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). Federal Rule of Civil Procedure 60(b) provides "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Fed. R. Civ. P. 60(b). A motion for relief from final judgment based on newly discovered evidence must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Id. A Rule 60(b)(2) motion made more than one year after final judgment, however, may be entertained as an independent

3

action, id., but only "to prevent a grave miscarriage of justice." United States v. Beggerly, 542 U.S. 38, 47, 118 S. Ct. 1862, 1868 (1998).

For a district court to grant relief based upon newly discovered evidence under Rule 60(b)(2), the moving party must satisfy a five-part test: "(1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." Waddell, 329 F.3d at 1309. "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." Id. (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)).

Gundotra failed to meet his burden. "[E]vidence cannot be 'newly discovered' under Rule 60 if it is in the possession of the moving party or that party's attorney prior to the entry of judgment." Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987). Because Gundotra concedes that he had the evidence in his possession throughout the litigation, the district court did not abuse its discretion in denying the motion. Further, Gundotra's possession of the document during the litigation counsels against a finding of "grave miscarriage of justice" that would entitle him to relief in the light of his failure to move the district court

4

for reconsideration within a year of final judgment.  <u>Beggerly</u>, 542 U.S. at 47, 118 S. Ct. at 1868.

Because we conclude that the district court did not abuse its discretion in denying Gundotra's Rule 60(b)(2) motion, we need not address whether the district court was bound to do so under the law of the case doctrine.  The order denying Gundotra's motion for relief from final judgment is

**AFFIRMED**.