17-1168-bk
*In re: PBS Foods, LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand and eighteen.

Present:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

In Re: PBS Foods, LLC             17-1168-bk

---

1032-1034 Lexington Avenue, Ltd.,

    *Creditor-Appellant*,

v.

Holding Capital Group, Inc., FB Holdings, LLC,
Yann Geron, as Chapter 7 Trustee of the Estate of
PBS Foods, LLC d/b/a Payard Patisserie & Bistro,

    *Appellees.*

---

*For Creditor-Appellant*:        AVROM R. VANN, Avrom R. Vann, P.C., New York, NY.

*For Appellees*  
*Holding Capital Group, Inc.*  
*And FP Holdings, LLC*:        RICHARD F. MARKERT (John I. O'Neill, *on the brief*), Bleakley Platt & Schmidt, LLP, White Plains, NY.

*For Appellee Geron*:        JOCELYN JACOBSON (Brett Van Benthysen, *on the brief*), Reitler Kailas & Rosenblatt, New York, NY.

Appeal from a decision entered March 28, 2017 and judgment entered March 30, 2017, in the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's decision is **AFFIRMED**.

1032-1034 Lexington Avenue, Ltd. ("the Landlord") appeals from the district court's order affirming the bankruptcy court's denial of its motion for relief from an order approving a settlement agreement. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's and bankruptcy court's rulings, which we reference only to explain our decision.

"Our review of an appeal that proceeds from the bankruptcy court to the district court is plenary and independent." *In re Chalasani*, 92 F.3d 1300, 1306 (2d Cir. 1996). "We affirm factual findings unless clearly erroneous and review legal conclusions *de novo*." *Id.* The Landlord first asserts that the bankruptcy court and the district court erred by concluding that Federal Rule of Civil Procedure 60(b)(3) did not warrant setting aside the order approving the settlement agreement. "To prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" *State*

2

*Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)).[1] The standard of review for the denial of a Rule 60(b) motion is abuse of discretion. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

The Landlord did not show that the Trustee's failure to timely disclose the three documents ("the New Documents") prevented it from fully and fairly presenting its case. As the bankruptcy and district courts noted, the Landlord was aware that Payard Management, LLC ("Management") was receiving license fee payments and that some of that money could have flowed from Management to FP Holdings LLC ("Holdings") well before it received the three additional documents. For that reason, the Landlord's argument that it would have pursued further discovery had it timely received those documents fails.

The Landlord also argues that setting aside the settlement agreement is warranted because the Trustee misrepresented facts to the bankruptcy court during the settlement hearing. However, the bankruptcy court's later finding that the Trustee made no misrepresentation was not clearly erroneous. *See In re PBS Foods, LLC*, 549 B.R. 586, 603 (Bankr. S.D.N.Y. 2016) ("Thus, in responding to the Court's question, the Trustee was not speaking to whether any license fee payments were made to the Debtor, he was speaking to whether any license fees had been

---

[1] The Landlord argues, concededly without supporting case law, that a different standard should apply to a Rule 60(b)(3) motion when it is a bankruptcy trustee that allegedly committed misconduct. Specifically, the Landlord contends it should not be required to show that the Trustee's conduct prevented it from fully and fairly presenting its case, and points to the Trustee's status as a fiduciary of the estate's creditors. However, we see no reason why a bankruptcy trustee's status as a fiduciary would warrant a special exception to the well-established requirements of Rule 60(b)(3) or the preference for finality of judgments embodied in the rule.

paid to Holdings, the defendant in Count Eight. Moreover, contrary to the Landlord's assertion and as previously noted, the New Documents do not substantiate, or even support, the contention that Holdings received license fee payments from Management or otherwise."). As a result, the bankruptcy court did not err by denying the Landlord's Rule 60(b)(3) motion. For the same reasons, the Landlord's contention that the court should have set aside the order approving the settlement agreement based on a theory of fraud on the court also fails. *See State Street Bank & Tr. Co.*, 374 F.3d at 176 ("To prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.' These same principles apply when a movant seeks to set aside a judgment on the basis of fraud on the court." (citations omitted) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987))).[2]

We have considered the Landlord's remaining arguments and find them to be without merit. Accordingly, the district court's decision is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] To the extent the Landlord wished to assert alternatively that the order approving the settlement agreement should have been set aside under Rule 60(b)(2), he failed to brief that argument sufficiently and has therefore waived it. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

4