[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10206

Non-Argument Calendar

_____

JAMES LESTER WILLIAMS, JR.,

Plaintiff-Appellant,

*versus*

POLK COUNTY BOARD OF COUNTY COMMISSIONERS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02842-WFJ-SPF

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

In this employment discrimination case, the district court granted the Polk County Board of County Commissioners' motion for summary judgment on James Lester Williams's claims of race discrimination and retaliation under Title VII and age discrimination under the Age Discrimination in Employment Act ("ADEA"). Williams then moved for reconsideration, pointing to allegedly newly discovered evidence. The district court denied the motion, finding that Williams had not exercised reasonable diligence.

On appeal, Williams offers no argument for why summary judgment was improper, and he fails to show that the district court abused its discretion in denying his motion for reconsideration. We therefore affirm.

## I.    Background

Williams was hired as a Veterans Services Officer in Polk County's Health and Human Services Division in 2016. Williams is a black male and was around 40 years old at the time. In 2019, Williams successfully applied for a promotion to Veterans Supervisor.

Not long after Williams was promoted, Williams's subordinates began complaining about his managerial style to his supervisor, Director of the County Health and Human Services

Division Marcia Andresen.  They described him as "authoritarian, demeaning, and disrespectful."  Williams does not dispute that these complaints "were in no way related to or based on his race or age."

Williams argued below, however, that these poor reviews and institutional corrections were unfair.  For example, according to Williams, one employee refused to accept any direction from Williams and would go over his head to discuss work matters with Andresen.  Another was chronically late and would not accept coaching.  Williams sought support from Andresen, but he claims she took the employees' side and refused to intervene.  Over time, Williams received a series of written evaluations in which he was praised for good performance in some areas, but was criticized for his performance as a manager and team builder.

Williams's issues with his subordinates, and their complaints, "escalated," with employees "expressing desires to quit their jobs because the supervision was so authoritarian and demeaning." Williams went to Andresen to tell her that he could not be an effective supervisor if she undermined his authority with subordinates and refused to support him.

Around this time, two of Williams's subordinates allegedly asked two black employees to help get Williams fired so that Williams's termination would not appear discriminatory.

After receiving the last of the critical evaluations, Williams took the matter to the Employee Relations Manager.  Williams was told that his concerns were legitimate and that Andresen should

not have been intervening as she was, but the Employee Relations Manager "[did] not have any authority to tell [Andresen] what to do," and so he would have to ask the Director of Human Resources to talk to Andresen. There is no indication in the record of whether the Director of Human Resources did so.

Williams was fired on December 11, 2019, a little more than a month after the last critical evaluation. Williams appealed the termination, arguing that his subordinates "teamed up" against him to get rid of him. Williams never claimed that his firing had anything to do with race or age. The Appeals Council upheld the termination.

Williams sued the County in December 2020. Williams alleged that the County had discriminated against him because of his race, and age, and in retaliation for protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a), and the ADEA, 29 U.S.C. § 623(a)(1).[1]

During discovery, Williams acknowledged that he never complained to human resources or risk management about age or race discrimination. He explained that he believed that he was the victim of age and race discrimination because the County hired someone younger than he to replace him, and the refusal to support him in his management style showed that "they allowed a . . . [white] supervisor to enforce [County] policies to [blacks], but

---

[1] Williams also alleged a hostile work environment claim, but the district court dismissed that claim and Williams does not challenge the dismissal on appeal.

23-10206                Opinion of the Court                5

when [blacks] enforced [County] policies to [whites], then there's a problem."

In a thorough order, the district court granted the County's motion for summary judgment. As to Williams's claim of racial discrimination, the district court found no direct evidence of discrimination, it rejected all of Williams's proposed comparators, and it concluded that even if Williams had shown a *prima facie* case of race discrimination, Williams could not show that the reason the County gave for his firing was pretextual. The district court acknowledged that Williams had shown a *prima facie* case of age discrimination, but it rejected his ADEA claim because he had no evidence to show that age was the but-for cause of his termination, rather than his poor subordinate management. Finally, as to the retaliation claim, the district court found that even if Williams *believed* he had been discriminated against, the record did not show that he challenged any practice as discriminatory or showed a link between such protected activity and his termination. The district court therefore granted summary judgment. The court entered judgment on November 21, 2022.

On December 19, 2022, Williams moved to alter or amend the court's judgment under Federal Rule of Civil Procedure 59 and for relief from the judgment under Rule 60. *See* Fed. R. Civ. P. 59(e), 60(b).[2] He asked the court to consider four new affidavits,

---

[2] We note that Williams's motion was filed 28 days after the entry of judgment, which is timely under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (allowing a party to move to alter or amend a judgment "no later than 28 days after the

arguing that the affidavits demonstrated there was "a plan to keep [black employees] out of leadership."  In particular, one of the affiants claimed to have overheard a conversation in which an unidentified woman in professional attire, believed to be Andresen, said that she was working on getting a black employee "out of here" and ensuring that there would be "no more blacks in leadership roles."

The district court treated Williams's motion as a motion for reconsideration and denied it.  The district court found (among other things) that Williams had not shown he could not have obtained and submitted the evidence before the summary judgment ruling issued.

Williams, proceeding *pro se*, appealed.[3]

## II.    Discussion

### A.  *Williams abandoned any argument that the district court erred in granting summary judgment.*

Though Williams includes a section in his brief stating that the grant of summary judgment was error, he fails to offer any argument to that end on appeal.  Instead, he merely recites the applicable law that governs summary judgment.  While we

---

entry of the judgment"); Fed. R. Civ. P. 6(a)(1) (explaining that, "[w]hen the period" under the rules "is stated in days" the count of days should "exclude the day of the event that triggers the period.")

[3] We note that, although Williams is *proceeding pro se* on appeal, he had counsel throughout the district court proceedings.

liberally construe the filings of *pro se* parties, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant's brief must include an argument containing "appellant's contentions *and the reasons* for them, with citations to the authorities *and parts of the record* on which the appellant relies[.]" Fed. R. App. P. 28(a)(8)(A) (emphasis added). Indeed, to obtain reversal of a district court judgment that, like this one, "is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). An appellant's failure to challenge even one of the grounds on which the district court based its judgment deems the challenge abandoned on appeal, "and it follows that the judgment is due to be affirmed." *Id.*

Williams's brief fails to present any basis for reversal of the summary judgment decision. Williams's merits discussion begins on page 9 and ends on page 13 (the last three pages dealing with the motion for reconsideration)—and although he cites the general legal standards applicable to summary judgment motions, he provides no explanation or discussion of how the district court erred. Instead, the only substantive discussion in his brief focuses on the district court's denial of his motion for reconsideration and its refusal to consider the newly submitted affidavits.[4] Accordingly,

---

[4] Williams's reply brief suffers from the same infirmities. But of course, even raising pertinent arguments for the first time in the reply brief would not be sufficient to preserve them. *Timson*, 518 F.3d at 874 ("we do not address

he has abandoned any challenge to the district court's summary judgment ruling.

### B. The district court did not abuse its discretion in denying Williams's motion for reconsideration.

Williams's only real argument on appeal is that the district court abused its discretion in denying his motion for reconsideration because it erred in finding that he could have submitted four new affidavits earlier in the proceedings. He maintains that he did not receive the affidavits until *after* the court granted summary judgment, and that his counsel promptly submitted them after that. We see no error.

Williams moved for relief under Rules 59(e) and 60(b)(2). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration adopted) (quotation omitted). Similarly, under Federal Rule of Civil Procedure 60(b)(2), a party may move for relief from a final order if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). This rule requires the movant to show: (1) newly discovered evidence;

---

arguments raise for the first time in a . . . reply brief" even if the litigant is *pro se*).

(2) due diligence by the movant to discover the new evidence; (3) that the evidence is "not . . . merely cumulative or impeaching"; (4) that the evidence is material; and (5) that the evidence "would probably produce a new result." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). We review the denial of a motion under either rule only for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (Rule 60(b); *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001) (Rule 59(e)).[5]

As we have said before, "[a] motion for reconsideration cannot be used to . . . raise argument or present evidence that could have been raised prior to the entry of judgment." *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014) (quotation omitted). "Unexcused failure to produce the relevant evidence . . . can be sufficient, without more, to warrant the denial" of such a motion. *See Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) (quoting *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 391 (5th Cir. 1977)); *see also Fisher v. Kadant, Inc.*, 589 F.3d 505, 513 (1st Cir. 2009) (explaining that a party seeking relief

---

[5] Because orders on motions under both rules are reviewed for abuse of discretion, and both require newly discovered evidence to be introduced only on a showing of due diligence or timeliness, *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (Rule 60(b)); *see Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (Rule 59(e)), we do not parse the difference here. *See Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988) (explaining that courts have "recogniz[ed]" that Rules 59(e) and 60(b) "appear to overlap somewhat").

based on newly discovered evidence must "offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings" (quotation omitted)).

Williams's argument on appeal shows only that he did not receive the affidavits before judgment, not that he could not have, had he exercised due diligence. Williams has therefore failed to meet his burden, and the district court did not abuse its discretion in denying Williams's motion for reconsideration based on new—but not diligently discovered—evidence. *See Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059–60 (11th Cir. 2020) (concluding the district court "properly rejected" an attempt "to introduce new evidence" in a motion for reconsideration "that was available at the summary judgment stage").

### III.    Conclusion

In sum, we affirm the district court's grant of summary judgment and its denial of Williams's motion for reconsideration.

**AFFIRMED.**