Claire W. Glendening BORYAN; Lee Glendening Koss; Alicia B. Glendening, Tennent, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 88–2925.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1989.

Decided Aug. 31, 1989.

Michael Patrick Logan (Grad, Toothman, Logan & Chabot, P.C., Alexandria, Va., on brief), for plaintiffs-appellants.

Barbara Iliff Hodges (James I.K. Knapp, Acting Asst. Atty. Gen., Gary R. Allen, David I. Pincus, Tax Div., Dept. of Justice, Washington, D.C., on brief), for defendant-appellee.

Before RUSSELL and SPROUSE, Circuit Judges, and VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.

SPROUSE, Circuit Judge:

This is an appeal from a judgment entered in a tax refund suit brought in the district court by the beneficiaries of the estate of Jean Marston Glendening ("the taxpayers"). The district court found that the estate is entitled to a credit under I.R.C. § 2013 for a tax paid by the estate of Mrs. Glendening's deceased husband and ordered a refund. Citing I.R.C. § 6511, however, it limited the refund to the amount of tax paid by the estate within two years of the filing of the administrative refund claim. The United States does not appeal the judgment allowing the credit. The taxpayers, however, challenge the district court's ruling that the statute of limitations contained in section 6511 barred it from considering refunds of taxes paid beyond the two-year period. They also appeal the district court's denial of their post-trial motion for reconsideration based on newly discovered evidence. We affirm.

I

Alan Glendening died in 1979. His wife, Jean Marston Glendening, died three years later on July 23, 1982. Her husband having predeceased her by less than ten years, Mrs. Glendening's estate was entitled, providing that certain other conditions were present, to an estate tax credit under I.R.C. § 2013 for property transferred from her husband's estate on which her husband's estate had already paid a tax. Accordingly, when the executrix filed an estate tax return for Mrs. Glendening's estate on April 22, 1983, she deducted a section 2013 credit of $35,562 [1] and paid a net estate tax of $145,443. The Internal Revenue Service ("IRS") eventually disallowed the credit and notified the taxpayers of a deficiency in the amount of credit shown on the tax return. The taxpayers paid the deficiency on September 19, 1985, filed an administrative claim for refund with the IRS on April 16, 1987, and, receiving no response within the prescribed time, filed a refund suit in district court on December 21, 1987.

At the time the refund suit was filed, both parties perceived the sole issue to be the validity of the taxpayers' claim for the credit under section 2013. On cross-mo-

---

1. This figure represents the amount of the section 2013 credit taken by the estate on its return and the amount claimed in its tax refund claims. The notice of deficiency, the estate's payment of the deficiency, and its refund claim included additional amounts attributable to other adjustments and interest. Similarly, the district court's award added interest but, to avoid confusion, the base figure is used throughout this opinion without including interest or set-offs.

tions for summary judgment, the district court resolved that legal issue in favor of the estate and then ruled that the estate is only entitled to the $35,562 claimed in the complaint rather than the larger amount [2] claimed in the taxpayers' motion for summary judgment. The taxpayers argue that the district court committed several errors in reaching that conclusion, grounding their argument primarily on the curious factual circumstances accompanying the filing of the tax return and the subsequent audit of the estate.

The scenario in which the estate's tax liabilities became entangled began in 1983 when the executrix of the estate filed the estate tax return. Unknown to the executrix, the form she used contained a printing error which caused her to claim a section 2013 credit of only $35,562 rather than the $104,350 to which the estate was entitled.[3] When the IRS audited the return in 1984, the auditor informed the executrix that she had made a mistake and that the estate was entitled to an additional credit of $53,-182.76. She sent the executrix a Form 890 [4] reflecting this change which the executrix signed and returned on September 11, 1984. The auditor's supervisors, however, subsequently overruled her initial decision allowing the section 2013 credit and disallowed the credit in its entirety. The auditor advised the executrix of this development and sent her another Form 890, which she executed and returned to the IRS. This second Form 890, reflecting that the estate had claimed a credit on its return that the IRS had now disallowed, showed an underpayment of tax in the amount claimed on the return, *i.e.* $35,562.[5] After the executrix signed the form, the IRS assessed a deficiency that the estate paid on September 19, 1985. Less than two years later, on April 16, 1987, the taxpayers filed an administrative refund claim and, when the IRS did not act on the claim within six months, filed the instant action in the district court on December 21, 1987.

After the district court entered judgment, the taxpayers filed a motion to reconsider, stating that they had just discovered the 1984 Form 890. They argued that this form qualified as a valid refund claim that had been filed within three years of the filing of the return as required by section 6511. The district court denied this motion, finding that the taxpayers had failed to

2. In the taxpayers' motion for summary judgment, the taxpayers' counsel informed the district court that in the course of settlement negotiations he had discovered an error in the calculation of the section 2013 credit on the estate's tax return. He stated that according to his calculations the correct amount was $109,713 and asked for judgment in that amount plus interest. In post-judgment stipulations, the parties agreed that the correct amount is $104,350.

3. Briefly, section 2013 allows a credit for prior transfers of property when the transferor predeceases the transferee by less than ten years and the transferor's estate pays an estate tax on the property. Subject to other calculations not relevant here, the credit is limited to the lesser of the tax paid by the transferor's estate or the tax that would be paid on the transferred property if included in the transferee's estate. Due to a printing error, the tax return form instructed the executrix to compare the transferor's tax with the tentative tax to be paid on the transferee's estate without the transferred property rather than the tentative tax on the property itself. In this case the former was $44,452 and the latter was $127,583.

4. A Form 890 is used when a taxpayer and the IRS agree on the amount of an alleged over or underpayment of taxes even though they may disagree on the underlying legal or factual issues causing that determination. In the case of an underpayment, the Form 890 serves as a waiver of the provisions of I.R.C. § 6213 which requires that the IRS wait ninety days after determining a deficiency before assessing the tax in order to allow the taxpayer to petition the United States Tax Court for a redetermination. The advantage to the taxpayer of this waiver is that his tax liability is fixed and the accumulation of interest tolled to some extent. *See* I.R.C. § 6601(c). In exchange, he gives up his right to petition the tax court for a redetermination but retains the right to file an administrative refund claim and seek review of a denial of that claim in a district court. If the Form 890 reflects an overpayment, on the other hand, the IRS treats the form as a refund claim on the grounds that the IRS is not disputing the taxpayers' entitlement to the refund and the taxpayer has agreed to the amount. *See* Rev. Rul. 68–65, 1968–1 C.B. 555.

5. The actual amount shown on the second Form 890 was $39,510.44. This amount included other adjustments to the tax return that are not at issue here.

exercise due diligence in failing to discover the form prior to judgment. The issues presented on appeal are limited to whether the district court erred in finding that it was unable to award a refund greater than $35,562 due to the statute of limitations on refund claims and in its later refusal to reconsider its decision after the taxpayers submitted newly discovered evidence. We conclude that the district court did not err and affirm.

## II

The estate first contends that the district court erred in applying section 6511's statute of limitations so as to limit its refund to the amount claimed in its 1987 administrative refund claim. It argues that the government is estopped from pleading this statute of limitations. We find no merit to these contentions.

■ Section 6511 provides:

**(a) Period of limitation on filing claim.** Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....

**(b) Limitation on allowance of credits and refunds.**

. . . .

**(2) Limit on amount of credit or refund.**

**(A) Limit where claim filed within 3–year period.** If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return....

**(B) Limit where claim not filed within 3–year period.** If the claim was not filed within such 3–year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

At the time the district court entered its judgment, the only refund claim in evidence was the estate's administrative refund claim filed in 1987. That claim was filed within two years of the payment of the deficiency of $35,562 in 1985 but almost four years after the estate's tax return had been filed in 1983. The district court correctly found that the record before it revealed no refund claim filed within three years of the return and that, therefore, the estate could recover only that portion of the tax, *i.e.*, $35,562, paid within two years of filing the administrative claim.

■ We think the district court was also correct in finding that the equities in this case do not justify the imposition of the equitable estoppel doctrine on the government. "Equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (citations omitted), *cert. denied*, —— U.S. ——, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988). Granted, the original error in calculating the tax was due to a printing error on a form furnished by the IRS. The IRS, however, published an announcement of the error before the executrix prepared the tax return. *See* Announcement 82–141, 1982–44 I.R.B. 15 (Nov. 1, 1982). Moreover, the IRS itself caught the error on the estate's return, notified the executrix, and took steps to correct it. Regardless of the later dispute over the validity of the estate's entitlement to the credit, the estate was informed of the error in time to file a refund claim for the correct amount. Further, as the district court noted, "familiarity with Section 2013 would have led one to realize that a credit amount roughly one-third of the amount allowable was not correct," and the executrix, in preparing the return, and the counsel, in presenting the refund claim, should have examined their calculations closer. In short, we do not think the government's error could reason-

ably be said to have caused the taxpayers to forego a right until the statute expired.

### III

The estate next argues that the district court erred in denying its motion for reconsideration and amendment of the judgment pursuant to rule 59(e) of the Federal Rules of Civil Procedure. Prior to the judgment, the taxpayers filed an affidavit by the executrix stating that she was unaware of the printing error until March 1988 and that no agent of the IRS had informed her of the error. Following judgment, the taxpayers moved for reconsideration, stating that they had discovered in the executrix's files the initial Form 890 filed in 1984, which they argued qualified as a timely refund claim for $53,182.76 because it had been filed within three years of the filing of the return. *See* Rev.Rul. 68–65, 1968–1 C.B. 555. The taxpayers later filed another affidavit by the executrix, stating that she recalled that the IRS auditor had initially allowed the credit but that the auditor's superiors had overruled her decision. The executrix stated that the 1984 Form 890 bearing her signature, which the taxpayers' counsel had shown to her, was consistent with her recollection. The taxpayers argued that this form qualified as new evidence because, although a copy had been in the files all along, the executrix had only copied the front of the form and the boilerplate notice that the form may qualify as a refund claim was printed on the back. Only after judgment had been entered had the taxpayers' counsel matched up the front and the back of the form and realized its significance.

We review the district court's decision denying the taxpayers' rule 59(e) motion under the abuse of discretion standard. *See Binkley Co. v. Eastern Tank, Inc.*, 831 F.2d 333, 337 (1st Cir.1987). The district court's decision was grounded on its finding that the taxpayers' counsel had not exercised due diligence and, therefore, that the 1984 Form 890 did not qualify as newly discovered evidence. The taxpayers' counsel conceded that the form had been in the executrix's files all along. Although the copy in the files did not include the language from the back of the form informing the taxpayer that the form may serve as a refund claim, the district court concluded that the face of the form, showing an overpayment, should have been sufficient to cause the counsel to investigate further. In addition, the court noted that, even if the counsel was not aware of the whole history of the estate, the executrix or the taxpayers should have been aware and should have informed him.

▪ In this circuit, the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under rule 59 or rule 60, *United States Fidelity & Guaranty Co. v. Lawrenson*, 334 F.2d 464, 475 n. 2 (4th Cir.), *cert. denied*, 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71 (1964), and rule 60 requires that a party demonstrate:

(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir.1987) (citations omitted); *see also Garrick v. Kelly*, 649 F.Supp. 607 (E.D.Va. 1986), *aff'd*, 842 F.2d 1290 (4th Cir.1988) (table). Thus, in order to support a motion for reconsideration, "the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir.1985) (citations and quotation marks omitted); *see also Stiers v. Martin*, 277 F.2d 737 (4th Cir.1960). Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law. *Fred-*

*erick S. Wyle P.C.*, 764 F.2d at 609; *see also Taylor*, 831 F.2d at 259.

■ In this case, a review of the record convinces us that sufficient indicia of the earlier "refund claim" existed in the estate files such that it could have been discovered with due diligence prior to judgment. Not only was the front of the 1984 Form 890 in the files, but apparently both sides of the later Form 890, filed in 1985, were available as well. Moreover, the rule stated in the boilerplate language on the back of the form, *i.e.*, that a Form 890 may be used as a refund claim, was originally announced in 1968. *See* Rev. Rul. 68–65, 1968–1 C.B. 555. Unfortunate as it is for his clients, counsel's failure to recognize the applicability of this long-standing rule to the facts of this case until after judgment was entered does not make the evidence "newly discovered." The district court, accordingly, did not abuse its discretion in refusing to reopen the case to consider the 1984 Form 890.[6]

### IV

Finally, we are not persuaded by the taxpayers' argument that the district court should have simply held that the absence of a refund claim within the time limits of section 6511 deprived it of jurisdiction under I.R.C. § 7422(a) and should not have grounded its rulings directly on the section 6511 limits themselves. *See Estate of Hunt v. United States*, 309 F.2d 146 (5th Cir.1962).

In view of the above, the district court's decisions are affirmed.

AFFIRMED.

---

6. As an alternate ground for its decision, the district court also found that the newly discovered evidence would not have changed its initial decision because (a) the 1984 Form 890 had been voided by the 1985 Form 890 and (b) even if the earlier form remained a valid refund claim, the estate had received actual notice of the denial of the claim when the IRS denied the section 2013 credit and the period for filing claims in district court after denial by the IRS had expired. *See* I.R.C. § 6532(a)(1). We need not discuss these grounds because we conclude the taxpayers' counsel did not exercise due diligence in not discovering the evidence prior to judgment.