934 F.2d 318
 20 Fed.R.Serv.3d 39
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank A. BARTON, Plaintiff-Appellant,
v.
SINDALL TRANSPORT, INC, Floyd G. Martin, Richard W.
Humphrey, Defendants-Appellees.
 No. 89-2857.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1990.
Decided May 28, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-89-867-JH)
 John C. Youngman, Jr., Candor, Youngman, Gibson & Gault, Williamsport, Pa., for appellant.
 Bennett G. Picker, Bolger, Picker, Hankin & Tannenbaum, Philadelphia, Pa., (argued), for appellees; Arthur W. Hankin, Bolger, Picker, Hankin & Tannenbaum, Philadelphia, Pa., Jay Fred Cohen, Baltimore, Md., on brief.
 D.Md.
 VACATED AND REMANDED.
 Before WIDENER and PHILLIPS, Circuit Judges, and McMILLAN, Senior United States District Judge for the Western District of North Carolina, Sitting by Designation.
 WIDENER, Circuit Judge:
 
 
 1
 Frank A. Barton appeals after an order of the district court denied his motion to alter or amend an earlier judgment of the district court that dismissed his action against Sindall Transport, Inc. (Sindall), Floyd G. Martin, and Richard W. Humphrey. Because we conclude that the district court abused its discretion in denying Barton's motion, we vacate the orders of the district court and remand with instructions.
 
 
 2
 Barton's complaint against the defendants alleges that at approximately 7:35 p.m. on March 24, 1986, Barton was driving northward on a Pennsylvania state highway in his automobile. At the same time, Humphrey was driving a tractor-trailer and also traveling northward. Humphrey then attempted to execute a U-turn onto another road and, in the process, blocked both lanes of the highway. The tractor-trailer driven by Humphrey was not equipped with side lights and its four-way flashing lights were not in operation. Barton collided with the tractor-trailer and sustained physical injuries.
 
 
 3
 The complaint further alleges that, at the time of the accident, Humphrey was acting as an "agent, workman or employee" of Martin and Sindall in furtherance of their business. Barton is a citizen of Maryland, while Martin and Humphrey are citizens of Pennsylvania. Sindall is a Pennsylvania corporation, and its principal place of business is located in Pennsylvania. Therefore, Barton's complaint, which he filed March 23, 1989 in the District of Maryland, alleges subject matter jurisdiction based upon diverse citizenship. In support of personal jurisdiction, Barton alleges that Sindall "transacted business" in Maryland, "did work or service" in Maryland, or "derived substantial revenue from goods, foods, services, or manufactured products used or consumed" in Maryland. The complaint contains a similar allegation as to Martin and Humphrey.
 
 
 4
 On July 21, 1989, defendants moved to dismiss Barton's complaint for lack of personal jurisdiction or, in the alternative, to transfer venue to Pennsylvania. Barton requested, and was granted, an extension of time to respond to defendants' motion so that Barton could conduct discovery concerning the scope of defendants' contacts with Maryland. Although the motion for extension had been signed by Barton's primary counsel in Pennsylvania, the district court, pursuant to its local rules, sent the order granting the extension only to Barton's local counsel. Barton's local counsel failed to notify his Pennsylvania counsel of the extension, apparently believing that primary counsel had also received notice and would proceed accordingly. Three weeks after the extension of time had expired and Barton had failed to respond to defendants' motion, the district court granted defendants' motion to dismiss for lack of personal jurisdiction as unopposed.
 
 
 5
 Barton twice moved the district court under Fed.R.Civ.P. 59(e) to vacate its order of dismissal. He argued that his failure to conduct the needed discovery was due to counsel's failure to receive the court's order granting the extension of time. The district court denied both motions, finding that Rule 59(e) was not intended to relitigate matters already decided by the court, and that Barton had displayed a "lack of due diligence" in prosecuting his claim. Barton now appeals.
 
 
 6
 This court reviews this denial of a motion to alter or amend a judgment pursuant to Rule 59(e) under the standard of abuse of discretion. Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989). Although motions under Rule 59(e) are often based upon newly discovered evidence, such motions are also an appropriate method through which to challenge judgments based upon errors of law. Cf. Patterson v. Bowen, 839 F.2d 221, 224 (4th Cir.1988). Fairly read, the district court's order was based on its conclusion that Barton had displayed a "lack of due diligence" in prosecuting his claim and was therefore not entitled to relief from the order dismissing his case.
 
 
 7
 We believe that the district court failed to give appropriate consideration to our holding in Dove v. CODESCO, 569 F.2d 807 (4th Cir.1978), where we reversed as an abuse of discretion a district court's order of dismissal in a quite similar situation. Dove involved notice of a pretrial scheduling conference that was sent by the Clerk of the Court for the District of Maryland to plaintiff's local counsel only. Incorrectly believing that notice had also been sent to plaintiff's non-resident primary counsel, local counsel took no action and assumed that primary counsel would attend the conference. As a result, no attorney appeared on plaintiff's behalf and the district court ordered that the case be dismissed.
 
 
 8
 On appeal, the court recognized the power of a district court to dismiss a case on the basis of plaintiff's dilatoriness in prosecuting it. Dove, 569 F.2d at 810; see Link v. Wabash R.R. Co., 370 U.S. 626 (1962). We emphasized, however, that the exercise of this power must be limited to "situations in which there is clear evidence of deliberate delay on the part of the plaintiff." Dove, 569 F.2d at 810. We found that the record disclosed a number of minor defaults, but no evidence of deliberate delay by the plaintiff or his attorneys, and concluded that while we could "in no way excuse the failure of plaintiff's local counsel to familiarize herself with local rules and practice, we think that the sanction of dismissal was overly harsh and therefore an abuse of discretion." Dove, 569 F.2d at 810. The court further noted that "the sanctions for attorney neglect should be borne if at all possible by the attorney himself rather than by his client." Dove, 569 F.2d at 810; see also Reizakis v. Loy, 490 F.2d 1132, 1135-36 (4th Cir.1974).
 
 
 9
 We believe that Dove's reasoning applies with equal force to the situation now before us. The present case involves the same type of mixup between local and foreign counsel as in Dove leading to an unopposed dismissal of the plaintiff's case. While the district court stated that "[t]he court expects a modicum of communication between local and foreign counsel," it did not find deliberate delay on the part of plaintiff or his counsel as required by Dove. In the absence of such a finding, we are of opinion that the district court abused its discretion in denying plaintiff's motion for lack of diligence in pursuing his claim. Under the circumstances, the district court erred in not allowing Barton to attempt by further discovery to elicit proof of facts concerning jurisdiction.
 
 
 10
 We accordingly vacate the orders of the district court which dismissed the case and declined to alter or amend its judgment, and remand with instructions that the case be reconsidered. On remand, the district court will allow Barton sixty days to conduct discovery concerning defendants' contacts with Maryland. After that has been completed, the district court will reconsider the motion to dismiss or to transfer the venue of the case and conduct any further proceedings that may be appropriate.
 
 
 11
 VACATED AND REMANDED WITH INSTRUCTIONS.