8 F.3d 819
 145 L.R.R.M. (BNA) 2200
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth D. PETERSON; Coy M. Holley, Jr.; Tommy J. Carter,
and all others similarly situated, Plaintiffs-Appellants,
v.
DISTRICT 29, UNITED MINE WORKERS OF AMERICA; United Mine
Workers of America, International, Defendants-Appellees.
 No. 93-1141.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 31, 1993.
Decided: October 26, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.
 Thomas J. Browning, Crab Orchard, West Virginia, for Appellants. Warren R. McGraw II, Assistant General Counsel, Beckley, West Virginia; George N. Davies, Longshore, Nakamura &
 Quinn, Birmingham, Alabama; Maureen Geraghty, United Mine Workers of America, Washington, D.C., for Appellees.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kenneth Peterson, Coy W. Holly, Jr., and Tommy J. Carter ("miners") appeal the district court's denial of their Fed. R. Civ. P. 60(b) motion. The miners are members of District 29, United Mine Workers of America and the United Mine Workers International ("unions"). The miners sued the unions, claiming that the unions breached an oral contract to continue to pay strike benefits until the mine was sealed or a contract was signed. The unions terminated strike benefits prior to the occurrence of either of these events.
 
 
 2
 Under the unions' constitution, before a suit can be filed, miners must pursue internal appeal procedures. Constitution of the International Union, United Mine Workers of America, § 17; Clayton v. International Union, 451 U.S. 679, 687-95 (1981). The unions raised failure to pursue internal appeal procedures as an affirmative defense. They requested admissions from the appellants with respect to the appeal process. The request was not answered.[1] The unions then filed a motion for summary judgment, claiming that failure to exhaust entitled them to judgment as a matter of law. The motion was supported by an affidavit from the president of the union's administrative assistant who stated that he had searched for an appeal from the Appellants and had been unable to find evidence that an appeal had been taken.
 
 
 3
 The district court granted the unions' Motion for Summary Judgment. The miners then filed a Rule 60(b) motion, including a letter to the president of the union signed by Peterson, one of the plaintiffs,[2] and a response from the union.
 
 
 4
 The basis for the motion was newly discovered evidence and bad faith on the part of the unions. The miners claimed that they were unable to prove that an appeal had been taken because they could not produce the letter and that the unions' denial of the existence of the appeal unfairly disadvantaged their efforts to find proof of the appeal. The district court denied the Rule 60(b) motion. This appeal followed.
 
 
 5
 An appeal of a denial of a Rule 60(b) motion does not bring up for review the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978).[3] Further, the district court's denial of a Rule 60(b) motion can only be reversed upon a finding of abuse of discretion. United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982).[4]
 
 
 6
 The district court did not abuse its discretion in denying the motion for reconsideration on the basis of newly discovered evidence as the miners knew of the evidence prior to the grant of summary judgment. In Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989), this Court held that evidence available to a party prior to the entry of judgment cannot form the basis for the grant of a motion for reconsideration based on newly discovered evidence. In their brief, the miners admit that they knew that an appeal had been taken before the grant of summary judgment. Six days before the motion was granted, the miners swore in a deposition that they had followed the necessary appeal procedures.
 
 
 7
 Further, the district court correctly identified the miners' failure to respond as an additional reason to deny the motion for reconsideration. The miners asserted that the evidence was newly discovered because a copy of the letter memorializing the internal appeal and union's response could not be located prior to the grant of summary judgment. They gave no explanation for the fact that they neither responded to the unions' request for admissions nor to their motion for summary judgment.
 
 
 8
 Accordingly, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The matters which were the subject matter of the request for admissions, including the failure to exhaust internal appeals, were taken as true because the miners failed to respond. Fed. Rule Civ. P. 36(a)
 
 
 [2]
 The letter contained approximately twenty signatures
 
 
 [3]
 The miners' assertion that the district court's grant of summary judgment to the unions was in error is not before this Court
 
 
 [4]
 In their motion for reconsideration, the miners relied on Rule 60(b)(2), the provision for newly discovered evidence. On appeal, both Rule 60(b)(2) and Rule 60(b)(3) were relied upon. Because the request for relief under Rule 60(b)(3) was not raised below, it cannot be reviewed here. Federal Deposit Ins. Corp. v. Jones, 846 F.2d 221, 23738 (4th Cir. 1988)