25 F.3d 1039
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jessie Price CURRY, Plaintiff-Appellant,
v.
Mike RANDALL, Cleveland County Assistant District Attorney;
Charles Wilson, Cleveland County Assistant
District Attorney, Defendants-Appellees.
Jessie Price CURRY, Plaintiff-Appellant,
v.
Mike RANDALL, Cleveland County Assistant District Attorney;
Charles Wilson, Cleveland County Assistant
District Attorney, Defendants-Appellees.
 Nos. 94-1327, 94-1328.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1994.
Decided: May 19, 1994.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Shelby. Richard L. Voorhees, Chief District Judge. (CA-93-138)
 Jessie Price Curry, Appellant Pro Se.
 Jacob Leonard Safron, Special Deputy Attorney General, Raleigh, North Carolina, for Appellees.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Jessie Price Curry challenges the district court's orders denying relief on her complaint (Appeal No. 94-1327) and denying her Fed.R.Civ.P. motion to alter or amend the judgment (Appeal No. 94-1328). In Appeal No. 94-1327, we affirm the district court's order as modified to reflect dismissal without prejudice; in Appeal No. 94-1328, we affirm.
 
 
 2
 A North Carolina state district court convicted Curry in February 1992 of simple possession of marijuana and imposed a suspended thirty-day jail sentence and a $25 fine. Curry appealed to a state superior court for a de novo trial. We have been informed that the superior court trial was scheduled for the week of March 14, 1994. It is unclear whether that trial in fact has occurred.
 
 
 3
 In July 1993, Curry filed an action under 42 U.S.C.Sec. 1983 (1988) and 42 U.S.C. Secs. 12101--12213 (West Supp.1994) (the Americans with Disabilities Act of 1990), against two assistant district attorneys who prosecuted her case in the state district court, claiming that she was denied court-appointed counsel and that she was discriminated against during the criminal proceedings in the district court because of her disabilities. She sought relief from her conviction and damages.
 
 
 4
 The magistrate judge submitted a report and recommendation advising denial of Curry's motion for appointment of counsel and dismissal of her complaint. Specifically, the magistrate judge found that because Curry's complaint challenged the fact of her conviction, she was required to exhaust state court remedies. Furthermore, the magistrate concluded that under Younger v. Harris, 401 U.S. 37 (1971), the federal court lacked jurisdiction to interfere with the on-going state criminal action. The magistrate judge also held that Defendants had prosecutorial immunity as well as Eleventh Amendment immunity from 42 U.S.C. Sec. 1983 (1988) actions.
 
 
 5
 After Curry filed timely objections to the magistrate judge's report and recommendation, the district court conducted de novo review of the record. Adopting the magistrate judge's report and recommendation, the federal district court granted Defendants' motion to dismiss and dismissed Curry's complaint. Curry then filed a Motion to Extend Time to object to the court's final order. The district court denied the motion. Curry filed timely appeals of the orders dismissing her complaint (No. 94-1327) and denying her Motion to Extend Time (No. 94-1328).*
 
 
 6
 In Appeal No. 94-1327, Curry appeals the district court's dismissal of her complaint. Absent valid excuse, a convict challenging a criminal conviction must first present her claims to state courts. 28 U.S.C. Sec. 2254(b) (1988). The exhaustion requirement is met by seeking review of claims in the highest state court with jurisdiction to consider them. Although exhaustion of state remedies is not generally a prerequisite to actions under 42 U.S.C. Sec. 1983 (1988), see Patsy v. Board of Regents, 457 U.S. 496 (1982), exhaustion is required when the Sec. 1983 claim attacks the fact or length of confinement. See Alexander v. Johnson, 742 F.2d 117, 126 (4th Cir.1984). Because Curry is challenging the fact of her conviction, she must exhaust state court remedies before pursuing her federal action.
 
 
 7
 The district court correctly denied relief on the ground that Curry failed to exhaust her state court remedies. However, it dismissed with prejudice, finding that Defendants were immune from action under Sec. 1983. The exhaustion requirement is not a jurisdictional prerequisite to habeas relief, but rather a matter of comity, Granberry v. Greer, 481 U.S. 129, 131-34 (1987), ensuring that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserving the role of state courts in protecting federally guaranteed rights. Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Consequently, the district court should have dismissed this action without prejudice for failure to exhaust state court remedies rather than proceeding to address other issues.
 
 
 8
 In Appeal No. 94-1328, Curry appeals the district court's denial of her Motion to Extend Time. The district court clearly did not abuse its discretion in denying this motion. Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989).
 
 
 9
 For these reasons, in Appeal No. 94-1327, we affirm the district court's order dismissing Curry's complaint, but modify it to reflect dismissal without prejudice. In Appeal No. 94-1328, we affirm the district court's order denying Curry's Rule 59(e) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 94-1327--AFFIRMED AS MODIFIED
 No. 94-1328--AFFIRMED
 
 
 *
 Curry filed the Motion to Extend Time within ten days of the district court's final order and calls into question the correctness of that order. Consequently, it is a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). After the court denied the motion, Curry filed timely appeals of the district court's final order and the order denying the Rule 59 motion. Under Fed. R.App. P. 4(a)(3), both appeals are effective