UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SANDRA E. ELLIS,
Plaintiff-Appellant,

v.                                                                    No. 98-1509

OFFICEMAX, INCORPORATED,
Defendant-Appellee.

SANDRA E. ELLIS,
Plaintiff-Appellant,

v.                                                                    No. 98-1862

OFFICEMAX, INCORPORATED,
Defendant-Appellee.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
 Graham C. Mullen, District Judge.
(CA-96-478-3-MU)

Submitted: October 20, 1998

Decided: November 17, 1998

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

N. Clifton Cannon, Jr., Gastonia, North Carolina, for Appellant. W.
T. Cranfill, Jr., John M. Smith, MCGUIRE, WOODS, BATTLE &
BOOTHE, L.L.P., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sandra E. Ellis appeals from the district court's order granting summary judgment in favor of Defendant OfficeMax, Inc. ("OfficeMax") in Ellis' employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-5 (1994), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1998). Ellis also appeals from the district court's denial of Ellis' motion to vacate the judgment under Fed. R. Civ. P. 60(b)(2). Finding no error, we affirm.

Ellis, a female in her mid-forties, was hired by Terry Vaughn, a District Manager for OfficeMax, to work as an assistant manager in OfficeMax's new store in Gastonia, North Carolina. Vaughn needed an assistant manager with significant experience and who would be able to act with a minimum of supervision, and hired Ellis mainly due to her previous experience as a store manager with other companies. Ellis received little formal training, but rather was expected to take the initiative and learn specific OfficeMax procedures through manuals provided for her reference.

When Ellis first began work at the Gastonia store in January 1995, the store manager and her direct supervisor was Matt Hefner. Hefner issued Ellis a disciplinary action notice on February 15, 1995, which stated that Ellis failed to pay attention when speaking with Hefner and tended to talk instead of listen, resulting in her failure to learn certain store procedures. The warning informed Ellis that immediate improvement was needed. On March 2, 1995, Hefner issued Ellis another disciplinary action notice relating to Ellis' failure to review and monitor a payroll printout which resulted in 213.5 hours of unpaid salary to other employees. On April 9, 1995, Hefner issued Ellis another written disciplinary action notice, charging that she

2

failed to have him initial employee evaluations before Ellis handed them out to subordinate employees. The warning also reprimanded Ellis for failing to inform upper management about a break-in at the store, and again reprimanded Ellis for her failure to listen carefully when receiving instructions.

On April 9, 1995, Hefner completed Ellis' performance review. In the majority of categories reviewed, Ellis received a rating of "conditional" or merely "satisfactory." Hefner pointedly informed Ellis of areas where improvement was needed, including noting her failure to learn appropriate store procedures, her failure to follow up on problems, and her difficulties with communicating, especially listening to instructions.

Ken Stern replaced Hefner as store manager in May. Ellis' performance did not improve under Stern, and he counseled her in July regarding her poor performance. Specifically, because Ellis failed to take the initiative in learning her duties and assuming responsibilities on her own, Stern was forced to draw up "to do" lists with specific tasks for Ellis to complete; Stern would then be forced to follow-up on the lists. Despite having worked for OfficeMax since January, Ellis had still failed to take home OfficeMax's procedure manuals and learn the appropriate operating procedures. Overall, neither Stern nor Ellis' subordinates had confidence in her abilities as assistant manager.

In August, Stern informed Vaughn of the problems with Ellis' performance. Vaughn determined that Ellis should be terminated, and Vaughn terminated her as of August 14, 1995. Ellis was replaced by a twenty-eight year old male who had previously been promoted from hourly employee to customer service manager. At the time of her discharge Ellis was forty-five years old. Ellis filed a complaint with the Equal Employment Opportunity Commission (EEOC) in September 1995, contending that she was discharged because of her sex, in violation of Title VII, and her age, in violation of the ADEA.

We review the district court's grant of summary judgment de novo and affirm only if the record reveals no genuine issue of material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). The scheme of proof established in McDonnell Douglas Corp. v. Green, 411 U.S.

3

792 (1973), applies to Ellis' sex discrimination claim under Title VII, as well as her age discrimination claim under the ADEA. See Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239 (4th Cir. 1982).

Here, Ellis failed to make out a prima facie case of discrimination because she failed to show that she was performing satisfactorily. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993); Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994). She did not take the initiative to learn OfficeMax procedures even after months of employment. This failure led to several specific performance deficiencies, for which Ellis' supervisors counseled her. Ellis' supervisors were also forced to draw up "to-do" lists for Ellis, to ensure that she completed her duties. Overall, Ellis' job performance was deficient, and she did not establish that her termination was based on either her gender or her age. See St. Mary's Honor Ctr., 509 U.S. at 515, 518. Accordingly, the district court did not err in granting OfficeMax's motion for summary judgment.

After the district court's entry of summary judgment in Office-Max's favor, Ellis filed a motion to vacate the judgment under Fed. R. Civ. P. 60(b)(2), on the ground that she had material, newly discovered evidence in support of her case. This evidence consisted of an affidavit from Julie McConnell, one of Ellis' former co-workers at OfficeMax. Ellis interviewed McConnell on February 20, 1998, and McConnell executed her affidavit on February 23, 1998. However, Ellis had previously listed McConnell as a material witness in an affidavit Ellis gave to the EEOC in September 1995. Ellis again listed McConnell as an individual having knowledge of the facts and circumstances of the case in an October 1997 response to OfficeMax's interrogatory. Further, although Ellis had McConnell's completed affidavit as of February 23, 1998, she made no effort to submit it to the district court before the court entered summary judgment on February 26, 1998. The district court denied Ellis' motion because Ellis could have discovered the information in time to support a motion for a new trial under Fed. R. Civ. P. 59(b), and that in any event the information would not lead the court to alter its earlier order.

The district court did not abuse its discretion by denying Ellis' motion. See National Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995); Boryan v. United States, 884 F.2d 767, 771-

4

72 (4th Cir. 1989). The information in the McConnell affidavit could have been discovered by Ellis through the exercise of due diligence well prior to its submission to the district court. Further, the affidavit would not have changed the outcome of the case, as it does not contradict the other record evidence showing that Ellis failed to perform her job in a satisfactory manner.

We affirm the district court's grant of summary judgment in favor of Defendant. We also affirm the district court's denial of Ellis' motion to vacate the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED