UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: RICHARD RAE,

*Debtor.*

RICHARD RAE

*Plaintiff-Appellee,*

v.

ESTATE OF RENE VAN BUREN,

*Defendant-Appellant.*

No. 01-2238

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-99-1724-A, BK-97-12939)

Argued: April 4, 2002

Decided: May 2, 2002

Before MICHAEL and MOTZ, Circuit Judges, and
Walter K. STAPLETON, Senior Circuit Judge of the
United States Court of Appeals for the Third Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Jeffrey Marc Sherman, O'ROURKE & CUNDRA, Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

After Richard Rae defaulted on a loan from Rene Van Buren, Rae filed for bankruptcy protection. Because Rene Van Buren had died in the interim, her estate filed a claim in Rae's bankruptcy case. The bankruptcy court disallowed the claim, reasoning that the underlying loan was usurious under Florida law; the district court affirmed. The Van Buren estate appeals, contending that Rae waived his usury argument below, that Rae failed to prove the loan was usurious, and that Rae's perjury and falsification require a new trial. We affirm.

I.

By way of background, we note that before the loan that led to this appeal, Rae, the debtor, had conducted financial transactions for several years with David Van Buren, the son and executor of the estate of Rene Van Buren. In their dealings, Rae and David Van Buren tended to rely on uneven and informal documentation.

Rae, David Van Buren, and Rene Van Buren were all present at the formation of the loan in question. Rae's account of that transaction, which the bankruptcy court expressly credited over contrary testimony by witnesses for the Van Buren estate, is that Rene Van Buren loaned him $100,000, at 18% interest according to the written documentation, and that he paid an additional 12% interest, or $12,000, to David Van Buren, to yield a total interest rate of 30%. Florida's usury law (which, the parties agree, applies here) forbids any recovery on a debt with an interest rate greater than 25%, *see* Fla. Stat. ch. 687, 071 (2,7) (2002); *Dixon v. Sharp*, 276 So.2d 817, 819 (Fla. 1973), and Rae testified that the transaction was deliberately structured in two parts to hide the usury. The Van Buren estate contends that the transactions were separate and legitimate.

Although he made various payments, the purpose and implications of which the parties disputed below, Rae defaulted on the Van Buren loan. Unable to meet other financial obligations as well, Rae applied for and on August 8, 1998, received a general discharge in bankruptcy. On November 9, 1998, however, after a trial, the bankruptcy court revoked Rae's general discharge under 11 U.S.C.A. § 727 (West 1993 & Supp. 2001), which bars discharge in certain circumstances. In the revocation proceeding, Rae did not formally plead that the Van Buren loan was invalid as usurious, but he did testify to this effect.

When revoking the discharge ("the revocation proceeding"), the bankruptcy court declined to rule, as moved by the Van Buren estate, that Rae's debt to the Van Buren estate was nondischargeable. *See* 11 U.S.C.A. § 523 (West 1993 & Supp. 2001). After the revocation proceeding, then, the Van Buren estate was free to pursue its claim, since all of Rae's debts had been reinstated, but it had not won any specific ruling as to its own claim.

On December 4, 1998, the Van Buren estate filed a proof of claim in Rae's bankruptcy case. *See* 11 U.S.C.A. §§ 501, 726 (West 1993 & Supp. 2001). Rae objected to this proof of claim on the ground that the underlying loan had been usurious. *See* 11 U.S.C.A. § 502 (West 1993 & Supp. 2001). On April 20, 1999, after a bench trial ("the proof of claim proceeding"), the bankruptcy court disallowed the Van Buren estate's claim against Rae, finding the loan usurious. Expressly relying on credibility determinations favoring Rae over David Van Buren and other witnesses for his mother's estate, the court ruled that the two payments constituted one transaction with an interest rate of 30% that was thus usurious under Florida law. In doing so, the court noted, however, that Rae's explanation of a particular check he had submitted in support of his story was unsatisfactory, because Rae could not explain why the check said "3 superbowls" as well as "interest" in its description line.

On April 30, 1999, the Van Buren estate moved for reconsideration pursuant to Bankruptcy Rule 9023 (2002). On June 10, 1999, the Van Buren estate amended and supplemented its earlier motion to reconsider, moving for relief from the judgment or a new trial under Bankruptcy Rules 9023 and 9024 (2002). The ground for the supplemental pleading, which had not been raised in the April 30 motion, was

newly discovered evidence of fraud. The Van Buren estate offered new evidence that Rae had altered the markings on two checks, including the check that the bankruptcy court had expressly found questionable in its earlier ruling; after the checks cleared, Rae added the notation "interest" to the description section of one check and "prepaid interest" to that of the other check.

On June 15, 1999, the bankruptcy court held a hearing on the estate's motion. Rae was unable to dispute the Van Buren estate's evidence of fraud. Nevertheless, the court denied the estate's motion in all respects on July 9, 1999, explaining, *inter alia*, that "notations on the checks weighed so little in the balance that it could not affect the result reached." Whether the court held an entirely new trial or merely reopened the record for new evidence, the court specifically stated, "I am convinced that I would reach exactly the same result on the underlying issue, which was the defense of usury in this case."

The district court affirmed in full, and the Van Buren estate timely noted this appeal. We review the bankruptcy court's findings of fact for clear error and the legal conclusions of the bankruptcy and district courts *de novo*, considering the record as a whole. *See In re Morris Communications*, 914 F.2d 458, 467 (4th Cir. 1990).

## II.

The Van Buren estate first contends that in support of Rae's contention that the loan was usurious, Rae failed to offer "clear and satisfactory" evidence, as required by Florida law. We disagree. To show that a transaction is usurious, Florida law requires "clear and satisfactory" evidence of (a) an existing loan, (b) an understanding that the money would be returned, (c) an agreement that the rate of interest would be greater than the legal limit, and (d) a "corrupt intent to take more than the legal rate for the use of the money loaned." *Dixon*, 276 So.2d at 819 (citation omitted). In attacking Rae's evidence of usury, the Van Buren estate relies on negative findings that the bankruptcy court made as to Rae's honesty and other factors that fundamentally go to the witnesses' relative credibility. The Achilles heel of this approach is the bankruptcy court's explicit determination that Rae's credibility — even in light of the altered checks — was greater than that of the Van Buren estate's witnesses. Rae's account, once

accepted by the trier of fact, is more than sufficient, considered with the available documentation, to provide clear and satisfactory evidence that the agreement among Rae and the Van Burens was usurious under Florida law. For the reasons stated by the district court, *see Estate of Van Buren v. Rae* (*In re Rae*), No. 99-1724-A, slip op. at 3-4 (E.D. Va. Aug. 23, 2001), we will not second guess the credibility determinations of the bankruptcy court.

The estate next argues that because Rae failed formally to plead an affirmative defense of usury during the revocation proceeding, he waived the right to make any usury argument in the future. *See* Bankr. R. 7008, 7013, 4007(e) (2002). At the proof of claim proceeding, the bankruptcy judge ruled that at the revocation proceeding he had never reached the question of the validity of the Van Buren loan to Rae, because he had rejected the Van Buren estate's argument at an earlier step, when ruling that the Van Buren debt was *not* nondischargeable under § 523. In order to rule the other way, to hold the debt nondischargeable, the court would have had to reach the debt's validity, but in declining to so rule, the court said, it simply did not reach the issue. As the court noted, the usury issue was raised in testimony in the revocation proceeding, though not formally pled. In addition, the Van Buren estate later had a full opportunity to litigate the matter in the proof of claim proceeding.

Under the rationale that the Van Buren estate urges upon us, every dischargeability and revocation proceeding would have to address the validity of every underlying claim. Yet, the estate has not cited a single case, considering either dischargeability, (11 U.S.C.A. § 523) or revocation (11 U.S.C.A. § 727), with the result it seeks in this case. The estate does point to cases showing that a bankruptcy court *may* address validity during a dischargeability proceeding under § 523. *See In re Gergely*, 186 B.R. 951 (B.A.P. 9th Cir. 1995), *rev'd on other grounds*, 110 F.3d 1448 (9th Cir. 1997); *In re Shapiro*, 22 B.R. 685 (Bankr. E.D. Pa. 1982). But it has failed to offer (nor have we located) any case holding that a debtor waived an invalidity argument by failing to raise it in a proceeding in which a court did *not* deem a debt nondischargeable under § 523. *Cf. Sanders v. First Nat'l Bank in Great Bend*, 114 B.R. 507 (M.D. Tenn. 1990) (dismissing a civil non-bankruptcy complaint because it had not been pled in an earlier proceeding that resulted in a ruling of nondischargeability). Nor has

the Van Buren estate identified a single case dealing with a determination of the validity of a debt at a general revocation proceeding under § 727.

Moreover, contrary to the Van Buren estate's contention that the usury defense is waived and therefore "forever barred," the bankruptcy rules allow a debtor to resurrect even a compulsory counterclaim if it can show "oversight, inadvertence, or excusable neglect, or when justice so requires." *Sanders*, 114 B.R. at 515 n.3; Bankr. R. 7008, 7013. Given the liberality of the rules, and the Van Buren estate's failure either to provide one case on point or to show surprise or prejudice, we decline to reverse the bankruptcy court for its handling of this litigation.

Finally, the Van Buren estate contends that the bankruptcy court violated Bankruptcy Rules 9023 and 9024, which incorporate Federal Rules of Civil Procedure 59 and 60, respectively, in refusing to overturn its own usury ruling on the ground that Rae perjured himself and faked evidence. Although we view the evidence of Rae's fraud at least as seriously as did the bankruptcy judge, who described it as "very troubling," we find no basis for finding a violation of Bankruptcy Rules 9023 or 9024.

With respect to Rule 9023, the bankruptcy court explained that the motion was late given that rule's strict ten-day time limit. *See* Fed. R. Civ. P. 59. The Van Buren estate made no argument in its brief as to the timeliness of the motion, and has thus waived any challenge to this procedural ruling. *See* Fed. R. App. P. 28(a)(9); *see, e.g.*, *Marvel Specialty Co. v. Bell Hosiery Mills, Inc.*, 330 F.2d 164, 169 n.5 (4th Cir. 1964).

As for Rule 9024 (incorporating Rule 60), contrary to the implication of the Van Buren estate's argument, the bankruptcy court plainly understood the different standards applicable under Federal Rules of Procedure 60(b)(2) and 60(b)(3). Pursuant to Rule 60(b)(2), the court noted not only that the newly discovered evidence was cumulative but also that it would not have altered the result of the trial; both are relevant observations under that subsection of the rule. *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). We see no reason

to believe that these conclusions constituted an abuse of discretion. *See id.* at 772.

Under Rule 60(b)(3), the bankruptcy court had to determine whether the Van Buren estate had shown a "meritorious defense," misconduct proven by clear and convincing evidence, and that the movant was not fully permitted to present its case because of the misconduct. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (granting a new bench trial). The bankruptcy court rejected the motion on the third prong. The court concluded that the estate had had a full and fair opportunity to litigate its case despite this evidence, noting that the parties extensively debated what the notations on the checks might have meant and what the checks might have covered. Indeed, David Van Buren testified as to the difference in handwriting between the two notations on one check, and the court itself, in its judgment *before* the new evidence of falsification was offered, noted that Rae had been unable satisfactorily to account for one check. Given that the bankruptcy court held a full two-hour hearing on the new evidence, and that the bankruptcy court had expressly doubted this aspect of Rae's testimony in its initial ruling, we decline to hold that the court abused its discretion in denying the motion.

### III.

For these reasons, the district court's judgment affirming the judgment of the bankruptcy court is

*AFFIRMED.*