**In re WEST SHORE ASSOCIATES, INC., Debtor.**

**No. 8:08–bk–17421–MGW.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 2, 2010.

Allan C. Watkins, Tampa, FL, for Debtor.

### ORDER DENYING CREDITOR ZA-REMBA'S MOTION TO DEFER ENTRY OF ORDER

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

THIS CASE came on for consideration without a hearing on the Motion to Defer Entry of Order and to Schedule Conclusion of Hearing (Doc. No. 121) ("Motion to Defer") filed by creditor Zaremba Land Development, LLC ("Zaremba"). In its Motion to Defer, Zaremba asks the Court to defer entering an order that reflects its oral ruling made at the conclusion of the hearing held July 21, 2010 ("Hearing") on Zaremba's Objection to Claims (Doc. No. 102) ("Objection") of Sauternes V, LLC ("Sauternes"). Zaremba argues that a deferral is necessary because neither party presented oral argument on an alternative legal theory[1] that Zaremba expected to present at the Hearing. Zaremba further asks the Court to schedule another hearing and to allow it to make this further argument, including citations of authority, before making a final ruling on the Objection. For the reasons discussed below, the Motion to Defer will be denied.

In its Motion to Defer, Zaremba did not identify any federal rule of civil or bankruptcy procedure under which this Court might consider the requested relief. Because the Court issued what it intended to be a final ruling from the bench, the Court could treat the Motion to Defer as a motion for reconsideration filed under Federal Rule of Bankruptcy Procedure 9023—i.e. a Motion for a New Trial or Amendment of Judgment—which incorporates Federal Rule of Civil Procedure 59. Under this set of facts, however, a motion for reconsideration would technically be premature because a final order on the Objection has not yet been entered.[2] This Court will, therefore, treat Zaremba's Motion to Defer as what caselaw has described as a "motion to reopen evidence," or simply, a "motion to reopen."

### Discussion

■■■ "The standards under Rule 59 and the considerations discussed by the courts considering motions to reopen are similar."[3] Both are within the sound discretion of the trial court.[4] The standards may differ, however, as to "whether the proffered testimony must be newly discovered."[5] Under Rule 59, "[e]vidence that is available to a party prior to entry of judgment ... is not a basis for granting a motion for reconsideration as a matter of law."[6] In contrast, when considering a motion to reopen a case to present new evidence or argument, "[c]ourts need—and

---

1. Zaremba identifies this alternative argument as the "do-over" issue. (Doc. No. 121).

2. According to Sauternes in its Objection to Motion to Defer Entry of Order (Doc. No. 127), counsel for the parties have exchanged drafts of the proposed order but cannot agree on acceptable language.

3. *In re United Refuse, LLC*, 2007 WL 1695332 *4 (Bankr.E.D.Va.2007) (not reported).

4. *Id.* at *3; *accord Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) ("Like a motion under Rule 15(a) to amend the pleadings, a motion to reopen to submit additional proof is addressed to [the trial court's] sound discretion.").

5. *United Refuse*, 2007 WL 1695332 at *4.

6. *Boryan v. U.S.*, 884 F.2d 767, 771–72 (4th Cir.1989) (citation omitted); *accord Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir.2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. This prohibition includes new arguments that were previously available, but not pressed." (internal quotations and citations omitted)).

have—the discretion, in the interest of justice, to allow parties to correct ... oversights" that might occur at trial.[7]

■ Factors for a trial court to consider when deciding to reopen a case are (1) the importance and probative value of the evidence or arguments sought to be introduced,[8] i.e., whether it is cumulative [9] or might "affect the outcome of the case by, for example, offering a new theory of liability or present a significant alteration of the evidence presented at trial[,]"[10] (2) the moving party's diligence [11] and explanation for failing to previously introduce the evidence or arguments,[12] (3) the undue prejudice that the delay might cause the non-moving party,[13] and (4) whether the court has already announced its decision.[14] For the final factor, a trial court should be less inclined to grant a motion to reopen made after it has revealed to the parties its reasoning and conclusions:

> The trial court may properly look with more favor upon a motion to reopen made after submission, but *before any indication by it as to its decision* ... than when the motion comes after a decision has been rendered[,] although findings of fact and conclusions of law have not been formally made and judgment entered.[15]

■ Turning to the instant case and the first factor for a court to consider in a motion to reopen—i.e., the importance and probative value of presenting further arguments—the Court cannot conclude that the unspecified further arguments on Zaremba's alternative theory are likely to have incremental or probative value. Zaremba already briefed the alternative theory in its written Memorandum of Law (Doc. No. 110 pp. 8–9), and Sauternes responded to the theory in its Memorandum in Support of Interest Rate (Doc. 117 pp. 8–9). Although neither party presented at the Hearing any substantive oral argument on the theory, the Court had already considered it when reviewing the written memoranda.[16] In its Motion to Defer, Zaremba has not proffered any significant alteration to the theory. The Court, therefore, cannot assign any significant probative value to unspecified arguments or assume that such arguments would affect the outcome of the case when they clearly would be cumulative to arguments already made.

For the second factor of Zaremba's diligence and explanation offered for the delay, Zaremba has simply not presented any explanation for waiting until two days after the Court's oral ruling to request an op-

7. *United Refuse*, 2007 WL 1695332 at *4.

8. *Rivera–Flores v. Puerto Rico Tel. Co.*, 64 F.3d 742, 746 (1st Cir.1995).

9. *United Refuse*, 2007 WL 1695332 at *3 (citing *Ramsey v. United Mine Workers of Am.*, 481 F.2d 742, 753 (6th Cir.1973)).

10. *Id.* (citing *Ramsey*, 481 F.2d at 752).

11. *Id.*

12. *Rivera–Flores*, 64 F.3d at 746.

13. *Id.*

14. *United Refuse*, 2007 WL 1695332 at *3 (citing *Caracci v. Brother Int'l Sewing Mach.* Corp. of La., 222 F.Supp. 769, 771 (E.D.La. 1963)).

15. *Caracci*, 222 F.Supp. at 771 (emphasis added and citations omitted).

16. The Court notes that Zaremba actually filed a second written memorandum ("Second Memorandum") in reply to Sauternes' responsive memo of law. This Second Memorandum was filed as Doc. No. 67 in a related Adversary Proceeding No. 09–ap–00089–MGW. Prior to the Hearing, the Court reviewed and considered all three memoranda of law, although Zaremba's Second Memorandum did not contain any argument on its alternative legal theory.

portunity to present further arguments and authorities for its alternative theory. The Court's audio recording and corresponding log notes reveal that the Court heard argument and explanation from both parties for over an hour on the issues that had been extensively briefed. After hearing the arguments, the Court listed its reasoning in detail for the record, agreed with Sauternes' argument, and then orally overruled Zaremba's Objection. At no time before or during the Court's oral ruling, did Zaremba bring to the Court's attention that it had further argument it expected to present before the Court presented its final ruling.

In this case, the third factor of whether reopening the case might cause undue prejudice to the non-movant is tied closely to the Court's consideration of the fourth factor—whether the Court had already announced its decision. Fair notice and an opportunity for a hearing in full were properly afforded to both parties, and both parties took full advantage by preparing extensive memoranda and giving extensive oral argument.[17] "[R]eopening proof on the motion of one party long after trial has been completed can put the opposite party at a distinct disadvantage."[18] To allow Zaremba to reopen argument two days after hearing the Court's final reasoning and conclusions could only be unfairly prejudicial against Sauternes. All litigants have a right to finality without worrying that their opponent might receive a "do-over" once the judge's opinions and conclusions are known but not yet set in ink on the record.

■ As a rule, "trial courts … act within their discretion in refusing to reopen a case where the proffered 'new' evidence is insufficiently probative to offset the procedural disruption caused by reopening."[19] This Court finds that any minimally probative value likely gained by reopening the case for further argument would be far outweighed by the procedurally disruptive effect it would surely have on the Debtor's bankruptcy case, a case now delayed for more than a year-and-a-half due in large part to the pending resolution of Zaremba's Objection. As the Sixth Circuit stated in *Ramsey v. United Mine Workers of America,*

> Generally, of course, parties to litigation must present their evidence when the case is called for trial. It is normal to wish to present additional evidence after once having lost a dispute of fact. But, of course, such a practice would lead to never-ending litigation.[20]

This Court concludes that granting the Motion to Defer would undoubtedly invite an endless series of "do-over" requests for matters that have already been afforded their full due process of law under the Bankruptcy Code and Rules of Bankruptcy Procedure. Accordingly, it is

---

**17.** The Court notes parenthetically that 18 months have passed since February 20, 2009, when creditor Zaremba filed a complaint seeking a declaratory judgment determining the validity and extent of Sauternes' interest in the disputed tax certificates. (Doc. No. 1, Adversary Proceeding No. 8:09–ap–00089). During that time, the Court conducted in both the main case and in the adversary proceeding no less than five substantial hearings (and granted numerous continuances) relating to Zaremba's Objection to Sauternes' proofs of claim. These hearings covered various detailed tax certificate calculation issues, and the Court is comfortable that the parties either did or should have fully presented all the relevant evidence and arguments.

**18.** *Ramsey,* 481 F.2d at 753.

**19.** *Rivera–Flores,* 64 F.3d at 746.

**20.** *Ramsey,* 481 F.2d at 753.

**ORDERED** that the Motion is DE-NIED.