**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1241

GRAPHIC ARTS MUTUAL INSURANCE COMPANY; UTICA MUTUAL
INSURANCE COMPANY,

           Plaintiffs - Appellees,

     v.

CALDWELL CHEVROLET, INC., d/b/a Fred Caldwell's Clover
Chevrolet,

           Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Margaret B. Seymour, Senior
District Judge.  (0:11-cv-01255-MBS)

Submitted:  June 17, 2013            Decided:  July 5, 2013

Before MOTZ, DUNCAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Adam J. Neil, Wesley B. Sawyer, MURPHY GRANTLAND, P.A.,
Columbia, South Carolina, for Appellant.  Elizabeth S. Skilling,
John A. Merrick, Robert F. Friedman, HARMAN, CLAYTOR, CORRIGAN &
WELLMAN, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this diversity insurance coverage dispute, the district court issued a declaratory judgment finding the insurer had no duty to defend or indemnify the insured. See Graphic Arts Mut. Ins. Co. v. Caldwell Chevrolet, Inc., No. 0:11-01255-MBS (D.S.C. Sept. 10, 2012). The insured now appeals and we affirm.

This appeal grows out of a suit filed by a number of plaintiffs in state court against Caldwell Chevrolet, Inc. and other car dealers. Plaintiffs asserted that the dealers had engaged in a common practice of collecting illegal "administrative fees" from buyers. The dealers allegedly characterized the fees as "mandatory," administrative reimbursement for actual costs to the dealer, rather than simply a way to inflate the price of a car. Caldwell sought a defense in the state action from its insurer, Graphic Arts, which agreed to defend under a reservation of rights. Graphic Arts then initiated this action, seeking a declaration that it had no obligation to Caldwell under the policy.

The district court held that the policy issued by Graphic Arts did not provide coverage to Caldwell in the underlying action. The court reasoned that the endorsement for failing to comply with a "[t]ruth in lending statute, or any statute that . . . regulates disclosures" did not apply because the underlying complaint "d[id] not allege violation of a lending or leasing disclosure statute." The court also found that

2

"coverage does not exist" because the policy expressly excludes coverage for "[a]ny dishonest, fraudulent, criminal or intentional act . . . committed by the 'insured'" and the underlying complaint made allegations falling "expressly" within this exclusion.

On October 9, 2012, within twenty-eight days of the district court's entry of judgment, Caldwell filed a Rule 59 motion asking the district court to alter or amend its judgment inter alia on the basis of "newly discovered evidence." This "new" evidence was a March 2009 letter sent to Graphic Arts which assertedly triggered coverage. The district court denied the motion, finding Caldwell had failed "to demonstrate due diligence to discover the alleged relevance of the March Letter to this litigation." See Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989).

Caldwell then noted this appeal raising the same arguments rejected by the district court. After careful review of the record, the briefs of the parties, and the controlling law, we affirm on the basis of the careful opinions of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3